UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANNE SEPAR,

                  Plaintiff,　　　　　　　　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　21-CV-00010 (DRH) (JMW)
        -against-

COUNTY OF NASSAU, *et al.*,

                  Defendants.
-----------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      Rule 1 of the Federal Rules of Civil Procedure mandates that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[1] A request to stay of litigation appears to run counter to that command. Indeed, some have questioned whether staying discovery in fact stays justice.[2] Before the Court is Defendants' motion for a stay in anticipation of a motion to dismiss the amended complaint. Although the motion is unopposed, the Court nevertheless must determine whether a stay is warranted and finds here that it is.

      Plaintiff commenced this action asserting various civil rights claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and New York State Human Rights Law ("NYHRL"), New York Executive Law §§ 296, 297, against Defendants—municipal corporations and employers of Plaintiff. In anticipation of moving to dismiss Plaintiff's claims

---

[1] Indeed, the 2015 amendments to Rule 1 were intended to make clear that not only are courts required to construe the rules in this way, but that "parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee's notes to 2015 amendment.
[2] *See, e.g.*, Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 WAKE FOREST L. REV. 71 (2014).

under Federal Rule of Procedure 12(b)(6), Defendants have filed a letter requesting a pre-motion conference before the Honorable Judge Denis R. Hurley. (DE 15.) Likewise, Defendants have moved this Court to stay discovery pending the resolution of their motion to dismiss. (DE 19.) Plaintiff does not oppose Defendants' motion to stay discovery. For the reasons that follow, Defendants' motion to stay discovery is GRANTED.

## FACTUAL BACKGROUND

As alleged in the amended complaint, Plaintiff is a sixty-eight-year-old female who has worked for Defendants since 1987. (DE 14 ¶ 1.) Plaintiff began her employ as a typist but was promoted to Child Support Investigator I ("CSI"), and then again to CSI II. (*Id.* ¶ 15.) She was diagnosed with breast cancer in 1996, resulting in Defendants commencing a practice of discrimination and retaliation against her on the basis of her diagnosis. (*Id.* ¶ 2.) The discrimination included denying Plaintiff promotions to CSI III and transferring her to an unsafe building with high levels of asbestos and carcinogens. (*Id.* ¶¶ 18–24.) Plaintiff sued Defendants four times for this discrimination, prevailing twice at trial and settling the other actions.[3] (*Id.* ¶¶ 3; 18–24.)

In 2015 and 2016, Defendants again passed over Plaintiff for the CSI III position. (*Id.* ¶¶ 25–27.) Plaintiff finally received her promotion to CSI III in January 2018. (*Id.* ¶ 28.) However, the delayed promotion "resulted in a significant salary decrease for [Plaintiff]," making her the lowest paid CSI III in the County, even compared to her younger counterparts. (*Id.* ¶¶ 29–32.)

Plaintiff's cancer returned in April 2018, which Defendants were aware of. (*Id.* ¶ 33.) On March 16, 2019, Plaintiff took a civil service exam for the position of Assistant Director,

---

[3] Plaintiff makes clear that she is "not stating a claim for actions which were the subject of her prior lawsuits," and that such information "is included to provide context and background information." (DE 14 at 5.)

which provided for a significant salary increase from the CSI III position.  (*Id.* ¶¶ 38, 44.)  Despite receiving the third highest exam score, Plaintiff was not offered an interview for the Assistant Director position.  (*Id.* ¶ 39–40.)  Rather, Defendants filled the Assistant Director position with a fifty-five-year-old, non-disabled candidate who had not commenced prior legal proceedings against Defendants.  (*Id.* ¶ 41.)  Plaintiff alleges that she had "more experience in the Department, had a longer tenure, was more familiar with the Department's staff and employees[,] had better knowledge of [its] policies and programs," and "possess[ed] superior leadership skills and qualifications than" the candidate whom Defendants gave the Assistant Director position.  (*Id.*)

Plaintiff alleges that Defendants took further adverse actions against her after denying her the Assistant Director position.  On May 24, 2019, Defendants "reassigned and demoted" Plaintiff and others in her unit—who were all over the age of forty—"to a previously disbanded unit in the Department."  (*Id.* ¶¶ 45–46.)  In April and May 2020, Defendants permitted all CSI IIIs other than Plaintiff to work overtime despite Plaintiff's requests to do so.  (*Id.* ¶ 48.)  Finally, in June 2020, all CSI IIIs remained in their work area other than Plaintiff, who was "moved to a more hazardous location, against her will, and for no reason."  (*Id.* ¶ 49.)

Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint against Defendants on May 7, 2020.  (*Id.* Exh. A.)  The EEOC complaint alleges that Defendants discriminated against Plaintiff between June 1997 and December 15, 2019 and asserts factual allegations akin to the above.  (*See, e.g.*, *id.*)  Given the filing date, Plaintiff's allegations of reassignment, demotion, transfer, and denial of overtime occurring on and after May 24, 2019 are not included in the EEOC complaint.

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

Defendants contend that they have a likelihood of success on their motion to dismiss because nearly all of Plaintiff's claims are time-barred. (DE 19 at 3.) Specifically, Defendants argue that because, in New York, a party must file an EEOC claim within 300 days of the alleged discriminatory conduct to preserve the right to bring suit, Plaintiff's claims arising from events taking place before July 12, 2019—300 days prior to the EEOC complaint dated May 7, 2020— should be dismissed. (*Id.*) Defendants further assert that Plaintiff's overtime claim should be

4

dismissed because Plaintiff has not exhausted her EEOC administrative remedies as to that claim. (*Id.*) Finally, Defendants posit that the one fully exhausted, timely claim—regarding Defendants' alleged discrimination of Plaintiff by denying her the Assistant Director position—should be dismissed because: (1) a Civil Service Report, which Defendants assert should be incorporated by reference into the Complaint, shows that the candidate who Defendants gave the position to was more qualified than Plaintiff; and (2) that notwithstanding, Plaintiff has failed to allege sufficient facts regarding said candidate's qualifications for the position. (*Id.* at 3–4.)

First, it appears on its face that Defendants' motion to dismiss may have merit insofar as many of Plaintiff's claims appear to be time-barred.[4] In New York, a plaintiff—as a general matter—must file a claim with the EEOC within 300 days of the alleged discriminatory conduct to preserve the right to bring suit under the ADEA or ADA. *See Palummo v. St. Vincent's Med. Ctr.*, 4 F. App'x 99, 101 n.1 (2d Cir. 2001) (summary order). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" and "each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002); *see also Benjamin v. Brookhaven Sci. Assocs., LLC*, 387 F. Supp. 2d 146, 152 (E.D.N.Y. 2005) (dismissing one of three claims because the dismissed claim was not filed with the EEOC within 300 days of the alleged conduct). Again, Plaintiff lodged her EEOC complaint on May 7, 2020. (DE 14 Exh. A.) Nearly all of the Defendants' alleged conduct occurred prior to July 12, 2019, which, as noted above, falls outside of the 300-day EEOC filing deadline. Accordingly,

---

[4] To be clear, the Court is not in any way prejudging the anticipated motion to dismiss, but merely considering its plausibility based upon the pre-motion letters (DE 15–16) for purposes of weighing whether a stay should be granted in light of Rule 1's mandate.

Defendants' motion as to those claims appears to have merit, weighing in favor of imposing the stay.

Second, whether Defendants are correct that Plaintiff's claims based on conduct occurring after she filed her EEOC complaint should dismissed for non-exhaustion is not as clear-cut. On one hand, exhaustion is ordinarily an essential element of a federal employment discrimination claim. *See Legnani v. Alitalia Linee Aeree Italinae, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). On the other hand, "[c]laims not raised in an EEOC complaint . . . may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). "The central question" in determining whether claims are reasonably related "is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases." *Id.* (internal quotations and citations omitted). Notably, a claim typically qualifies as "reasonably related" in this Circuit if it is based on an employer's retaliation to an EEOC filing. *See Barriera v. Bankers Tr.*, No. 98 Civ. 3641 (MBM), 2003 WL 22387099, at *5 (E.D.N.Y Oct. 20, 2003) ("[T]he Second Circuit has broadly construed the 'reasonably related' rule to allow judicial redress for most retaliatory acts arising subsequent to an EEOC filing."). Here, the incidents that took place after Plaintiff filed her EEOC complaint include: (1) Defendants' failure to grant Plaintiff overtime work; and (2) Defendants transferring Plaintiff to a "more hazardous location." (*Compare* DE 14 ¶¶ 45–50 *with id.* Exh. A.) These claims do not appear to be reasonably related to Plaintiff's claim regarding Defendants' alleged discrimination of Plaintiff in denying her the Assistant Director position which, as discussed above, looks to be one of Plaintiff's few timely claims. That said, these claims could be construed as retaliatory to Plaintiff's EEOC complaint filing. *See*

6

*Barriera*, 2003 WL 22387099, at *5. Accordingly, Defendants' non-exhaustion argument weighs neither in favor of nor against imposing the stay.

Finally, Defendants' arguments regarding the sufficiency of Plaintiff's claim of discrimination related to the Assistant Director position appear to have merit. The gravamen of Defendants' position is a Civil Service Report, which Defendants submit demonstrates that the candidate who Defendants allegedly looked past Plaintiff for ranked first on the civil service test, while Plaintiff ranked third. (DE 19 at 2.) Although this list is not appended to the complaint, Defendants contend—and may be correct—that it should be incorporated by reference into the Complaint given Plaintiff's reliance on it. (*See* DE 14 ¶ 39 ("[Plaintiff] was informed that she had the third highest score on the exam, and was third on the promotional list for the [Assistant Director] position."); *compare with Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 603–04 (E.D.N.Y. 2013) (noting that courts may take notice of certain documents relied on by the complaint). This, paired with Plaintiff's limited allegations regarding the qualifications of the candidate who ultimately got the Assistant Director position, bolsters the merit of Defendants' dismissal arguments. *See Toussaint v. City of N.Y.*, No. 19 Civ. 1239 (AT), 2020 WL 3978317, at *6 (S.D.N.Y. June 29, 2020) (granting motion to dismiss where plaintiff failed to plead facts concerning the qualifications of the promoted candidate). Thus, Defendants' contentions here, too, weigh in favor of imposing the stay.

In sum, Defendants have made a showing sufficient that their 12(b)(6) claims may be meritorious. Given that a variety of Plaintiff's claims reach back to at least 2017 (and likely longer), the breadth of discovery has the potential to be wide-ranging. Moreover, a stay would pose little-to-no risk of prejudice to the Plaintiff here, given that discovery has not begun and

7

that she has not opposed Defendants' motion to stay. Under these circumstances, good cause exists to warrant a stay.

Defendants' motion for a stay of discovery pending the resolution of their motion to dismiss is therefore GRANTED.

Dated: Central Islip, New York
       June 17, 2020

**S O  O R D E R E D:**

/s/ *James M. Wicks*
       JAMES M. WICKS
   United States Magistrate Judge