UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANNE SEPAR

                                Plaintiff,

       -against-                         **MEMORANDUM & ORDER**
                                         21-CV-10

COUNTY OF NASSAU and NASSAU
COUNTY DEPARTMENT OF SOCIAL
SERVICES,

                                Defendants.
----------------------------------------------------------------X

**APPEARANCES:**

**For Plaintiff:**
Bell Law Group LLC
100 Quentin Roosevelt Boulevard, Suite 208
Garden City, New York 11530
By:    Paul A. Bartels, Esq.
        Lauren R. Reznick, Esq.

**For Defendant:**
Bond, Schoeneck & King, PLLC
1010 Franklin Avenue
Garden City, New York 11530
By:    Howard M. Miller, Esq.
        Jacqueline A. Giordano, Esq.

**HURLEY, Senior District Judge:**

      Presently before the Court are the objections of Defendants County of

Nassau and Nassau County Department of Social Services ("Defendants" or the

"County") to the January 28, 2022 Report and Recommendation ("R&R") of

Magistrate Judge Wicks insofar as it recommends denial of Defendants' motion to

dismiss (1) the claims  for retaliation under the Age Discrimination in Employment

Act ("ADEA") and  American with Disabilities Act ("ADA") and (2) the New York

State Human Rights Law ("NYSHRL") claims of Plaintiff Anne Separ ("Plaintiff" or "Separ").[1] For the reasons set forth below, the objections are sustained in part and denied in part.

## BACKGROUND

### I.    The Allegations in the Amended Complaint

The following allegations are taken from the amended complaint ("AC").

Plaintiff is a sixty-eight-year-old female civil servant who has worked for Defendants since 1987.  She began as a Clerk Typist and in 1989 she was promoted from Clerk Typist to Child Support Investigator ("CSI") I and in 1991 further promoted to CSI II.

In February 1996, Plaintiff was diagnosed with breast cancer. When her request for reasonable accommodation to allow her to continue cancer treatment was denied, she filed a union grievance.

In May 1997 the County established a civil service list for CSI III. Plaintiff took the exam for the position and received the second highest score of all thirteen test takers. All the other test takers were promoted to CSI III despite having lower test scores and less experience; Plaintiff was not promoted. She filed a charge of

---

[1] The R&R also recommended that the motion to dismiss be granted as to each of Plaintiff's ADEA and ADA claims accruing prior to July 13, 2019,  and her ADEA and ADA  overtime and failure to promote claims, with leave to replead only the ADEA and ADA failure to promote claims. No objections have been filed as to the foregoing portions of the R&R. Having reviewed those portions for clear error, see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a)&(b); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 552, 525 (2d Cir. 1990), and finding none, the Court adopts those portion of the R&R.

discrimination with the EEOC and then a lawsuit in federal court alleging discrimination and retaliation stemming from her denied promotion. Plaintiff prevailed at the trial held in September 2003 with the jury finding the County liable for discrimination and retaliation.

The following month, October 2003, Plaintiff was transferred to an unsafe building with high levels of asbestos and other carcinogens. As a result, her health declined, and she required additional surgeries. She filed another EEOC complaint and then a federal lawsuit against the County alleging her transfer was in retaliation for her September 2003 trial. She settled that lawsuit with the County in May 2007.

The County established another CSI III promotional list in February 2008. Despite scoring first on the requisite test and being the most senior candidate on the list, Plaintiff was again denied the promotion; it went to a younger less qualified candidate. She sued the County alleging continuing discrimination and retaliation based on her age and gender. The case was tried in August 2015 and the jury once again found the County liable for retaliation and discrimination.

One month later, in September 2015, Plaintiff was again passed over for a CSI III position. She was also passed over for promotion to CSI III in April 2016. In December she took another promotional exam and placed number one on the list. In September 2017, another CSI III position became available and was not filled. In November 2017 Plaintiff filed a Nassau County EEO complaint stemming from her denied promotion. After filing that complaint, she received her long-awaited

promotion to CSI III in January 2018. However, she was only promoted to Grade 13,
Step 4, which is seven steps lower than if she had received the promotion in 2008.
Despite her seniority, Plaintiff was the lowest paid CSI III in the County; she is
paid less than all of the younger, non-disabled CSI III's, none of whom commenced
legal action in good faith opposition to the County's discriminatory practices.

In April 2018 Plaintiff received an overwhelming positive performance
evaluation and passed probation to obtain her permanent CSI III title. In May 2018
her cancer returned, resulting in additional surgeries in August and October 2018.
Plaintiff was made aware that the County was looking to fill the position of
Assistant Director in the Department and was encouraged by her then supervisor to
apply for the position. The County conducted interviews for the Assistant Director
position in October 2018. Plaintiff was denied an interview and was told she needed
to have held the position of CSI III for seven years to qualify for the position.
However, in April 2019 she was informed by a Department of Social Services
Commissioner that applicants for director positions did not need to be in their prior
titles for seven years. She took the civil service exam for the Assistant Director
position and received the third highest score. Nonetheless, she was not offered an
interview and in December 2019 the County filled the position with Deborah Parker
("Parker"), a fifty-five year old non-disabled candidate who had not commence prior
legal proceeding alleging discrimination against the County. "Parker was and is
significantly less qualified for the AD position than [Plaintiff as Plaintiff] had more
experience in the Department, had a longer tenure, was more familiar with the

Department's staff and employees, . . . had better knowledge of the Department's policies and programs[, and] possesses superior leadership skills and qualifications than Parker." The decision to hire Parker was made by the Department of Social Services Deputy Commissioner Paul Broderick ("Broderick") and Human Resources Manager Jeanne Dhande. Broderick testified at the trial of Plaintiff's 2011 lawsuit against the County, in which she prevailed.

In May 2019 ,Plaintiff was informed by her significantly younger direct supervisor that she along with others in her unit had been reassigned and demoted to a previously disbanded unit in the Department. Plaintiff and the other demoted co-workers were all over the age of forty and replace by less experienced individuals under the age of forty.

In April and May 2020, all CSI III's worked overtime except for Plaintiff despite her requests therefor.

In June 2020 all CSI III's remained at their work area except for Plaintiff who was moved to a more hazardous location against her will and for no reason. Her request to return to her former location for medical reasons was denied. As a result of this demotion, Plaintiff has fewer job duties and responsibilities, representing a significant loss of seniority. In addition, she has been denied overtime and her staff was transferred without following county policy and procedures.

## II.    Defendant's Motion to Dismiss

Defendants asserted four main arguments in support of their motion to dismiss. First, in as much as in New York a plaintiff must file a charge with the EEOC within 300 days after the allegedly discriminatory practice and Plaintiff filed her EEOC complaint on May 8, 2020, any alleged conduct taking place prior to July 13, 2019 falls outside the limitation period. Second, Plaintiff's overtime claim is dismissible as she did not include it in her EEOC complaint. Third, her ADEA and ADA failure to promote claims fail due to the absence of well-pled facts supporting a minimal inference that but-for her age and disability, she would have been promoted and her retaliation claims fail due to the lack of facts supporting a causal connection between the protected activity and the adverse employment action. Lastly, they argued that the claims under the NYSHRL should be dismissed on the same grounds as the federal claims and because the doctrine of respondeat superior is not available under that law.

## III.    The Report and Recommendation

Addressing first the timeliness issue, Judge Wicks reasoned that the multiple claims of failure to promote, being promoted only to Grade 13, step 4 in January 2018 and her alleged reassignment and demotion in May 2019, were discrete act and, because they occurred outside the 300 days before the filing of Plaintiff's EEOC complaint, they were time-barred.  He therefore recommended their dismissal and, because the deficiencies could not be cured, that leave to amend be denied. Next,

Judge Wicks recommended dismissal of the overtime claims as they were not reasonably related to the claims raised in the EEOC complaint.

Judge Wicks next addressed Plaintiff's failure to promote claims. He found her allegations that she was more qualified than Parker belied by the results of the civil service exam. Those results, together with the absence of any additional information about Parker that would allow an assessment of whether her professional background is comparable to Plaintiff's warranted recommending dismissal for failing to raise a minimal inference of unlawful discrimination. However, Judge Wicks recommended that leave to replead be granted as to the failure to promote claim.

Turning to the ADEA and ADA retaliation claims, Judge Wicks concluded that the elements of participation in protected activity of which Defendants were aware and an adverse employment action were adequately pled. With respect to whether but-for causation was sufficiently alleged, Judge Wicks concluded that it was, rejecting Defendants' argument that Plaintiff's promotion in 2018, as well as Parker's high mark on the civil service test, broke the chain of causation.

Lastly, Judge Wicks addressed Defendants' argument that that the NYHRL claims should be dismissed because the doctrine of respondeat superior is not available for such claims. Pointing to the allegations that the "County" took the adverse actions against her and the identified individual employees occupied high-level management positions, Judge Wick reasoned that Plaintiff was not relying on

respondeat superior and recommended denial of the motion to dismiss the NYHRL claims.

## IV.    The Objections

Defendants' objections are limited to the ADA and ADEA retaliation claims and the NYHRL claims. They argue that the same reason for not promoting Plaintiff, i.e. Parker's higher score on the civil service test, together with her 2018 promotion, should have also resulted in dismissal of the retaliation claims and Parker's higher score make it more plausible that that score rather than retaliation was the reason she did not receive the promotion. With respect to the NYSHRL claim, they argue that Judge Wicks overlooked their argument that the NYHRL claims should be dismissed under the same but-for standard applicable to the federal claims and erroneously concluded that respondeat superior did not bar these claims.

## DISCUSSION

## I.    Applicable Standards

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a) & (b); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

## II.    Causation for the ADEA and ADA Retaliation Claims

The Court finds Defendants' argument regarding causation unpersuasive. It ignores that the retaliatory conduct is not limited to the failure to promote her to the AD position. It includes, among other things, the failure to even offer her an interview despite the civil service requirement that the top three candidates be considered, paying her less  than all the other CS IIIs, and moving her into a hazardous area. That she was finally promoted to CSIII in January 2018 does not necessarily support Defendants' position as it is alleged that she received the promotion only after she filed a Nassau County EEO complaint. As Judge Wicks aptly noted, from the facts alleged as a whole "a pattern of antagonism" arises, which is sufficient to support an inference of a causal connection. *See, e.g., Duplan v. City of New York*, 888 F.3d 612, 626 (2d Cir. 2018) (pattern of antagonism in two-year gap between protected activity and adverse action sufficient to support but-for causation).

The Court finds that but-for causation has been adequately pled in the amended complaint and therefore rejects Defendants' objection related thereto.

## III.    The NYSHRL Claim

To the extent that Defendants seek dismissal of the NYSHRL on the same but-for grounds as the federal failure to promote claims, the Court agrees that the absence of but-for causation requires dismissal of the NYSHRL claims thereon premised as well. *See, e.g., Huffman v. Brooklyn College*, 2022 WL 43766 (E.D.N.Y.

Jan. 5, 2022). However, as with the federal claims, Plaintiff is granted leave to replead.

With respect to Defendants' respondeat superior argument, the Court agrees with Judge Wicks. Defendants argue that while a high level management employee such as Deputy Commissioner Broderick could bind a municipal employer, his involvement as pled is that he made the decision to promote Parker, and "Judge Wicks held that decision was not discriminatory in dismissing the ADA ADEA claims." However, they misread Judge Wicks' R&R. As Judge Wicks pointed out, Plaintiff alleges that it was "the County" that took adverse actions against her and under the NYSHRL an employer may be held liable for age and disability discrimination for adverse employment actions where it has "encourag[ed], condon[ed], or approv[ed] it." *Totem Taxi v. State Human Rights Appeal Bd.*, 65 N.Y.2d 300, 305 (1985). Of course, the burden of demonstrating such will be on Plaintiff. The objections as to respondeat superior is denied.

## CONCLUSION

For the reasons set forth above, the Court sustains Defendants' objections to the extent that the NYSHRL failure to promote claims are dismissed, with leave to replead but otherwise adopts the R& R of Judge Wicks in its entirety. Accordingly, Defendants' motion to dismiss (1) is granted as to each of Plaintiff's ADEA and ADA claims accruing prior to July 13, 2019; (2) granted as to Plaintiff's ADEA, ADA and NYSHRL failure to promote claims; and (3) denied as to Plaintiff's timely ADEA and ADA retaliation claims. Plaintiff is granted leave to plead her ADEA, ADA, and

NYSHRL failure to promote claims and must do so within twenty (20) days of the

date hereof.

**SO ORDERED.**

Dated: Central Islip, New York            s/ Denis R. Hurley
       March 22, 2021                 Denis R. Hurley
                                     United States District Judge