FILED
CLERK

January 13, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNE SEPAR,

                    Plaintiff,

               -against-

COUNTY OF NASSAU and NASSAU COUNTY
DEPARTMENT OF SOCIAL SERVICES,

                 Defendants.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
21-CV-00010 (JS) (JMW)

Paul Andrew Bartels
Lauren Ruth Reznick
**Bell Law Group, PLLC**
100 Quentin Roosevelt Boulevard, Suite 208
Garden City, NY 11530
*For Plaintiff Anne Separ*


Howard Marc Miller
Jacqueline Giordano
**Bond, Schoeneck & King PLLC**
1010 Franklin Avenue, Suite 200
Garden City, NY 11530
*For Defendants County of Nassau and Nassau
County Department of Social Services*


Jennean R. Rogers
**Suffolk County Department of Law**
100 Veterans Memorial Highway
Hauppauge, NY 11788
*For Defendant County of Nassau and Nassau
County Department of Social Services*


**WICKS,** Magistrate Judge:

      At issue here is whether Plaintiff Anne Separ has sufficiently re-pled her previously

dismissed claims for failure to promote under the Age Discrimination in Employment Act of

1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 *et seq.* Before the Court is Defendants' motion to dismiss the Second Amended Complaint ("SAC").[1] (DE 39.)

Plaintiff, a sixty-eight-year-old female civil servant, commenced this action alleging that Defendants County of Nassau and Nassau County Department of Social Services discriminated against her based on her age and disability and retaliated against her for complaining about that discrimination. (DE 14.) Defendants filed a motion to dismiss ("First Motion to Dismiss") which, following a January 28, 2022, report and recommendation issued by the undersigned ("R&R"), adopted by the District Judge, was granted in part and denied in part by the Court on March 22, 2022. (DE 27; DE 33.) Plaintiff's ADEA and ADA overtime claims and claims accruing prior to July 13, 2019, were dismissed, along with Plaintiff's claims for failure to promote under the ADEA and ADA and NYHRL claims. (*Id.*) Plaintiff's timely retaliation claims survived. (*Id.*) The Court further granted Plaintiff leave to replead her ADEA, ADA, and NYHRL failure to promote claims. (*Id.*)

On May 3, 2022, Plaintiff amended her complaint ("SAC"). (DE 36.) Before the Court, on referral from the Honorable Joanna Seybert, is Defendants' motion to dismiss Plaintiff's failure to promote claims asserted in the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 39-1; DE 39-5.) Plaintiff opposes the motion. (DE 39-2, 3, 4.) For the reasons set forth below, the undersigned respectfully recommends that Defendants' motion be GRANTED, without further leave to replead.

---

[1] Plaintiff commenced this action by filing a complaint on January 3, 2021. (DE 1.) Plaintiff then filed an amended complaint as a matter of course on April 26, 2021 ("First Amended Complaint"). (DE 14.)

# I. <u>FACTUAL BACKGROUND</u>

The following allegations are drawn from Plaintiff's SAC and are assumed true for the purposes of the motion to dismiss.

Plaintiff is a sixty-eight-year-old female who has worked for Defendants since 1987 in the Child Support Enforcement Unit.  (DE 36 at ¶ 1.)  Plaintiff received a breast cancer diagnosis in 1996, prompting Defendants to initiate a practice of discrimination against Plaintiff based on that diagnosis.  (*Id.* at ¶ 2.)  This discriminatory conduct included denying Plaintiff promotions to CSI III and transferring her to an unsafe building with high levels of asbestos and carcinogens.  (*Id.* at ¶¶ 18-24.)  As a result, Plaintiff sued Defendants four times, prevailing twice at trial, and settling the other actions.  (*Id.* at ¶¶ 2-3; 15-24.)  The most recent of those actions culminated in an August 2015 jury verdict in Plaintiff's favor.  (*Id.* at ¶¶ 24.)[2]

Despite Plaintiff's repeated legal actions, Defendants continued to overlook her for CSI III position openings throughout 2015 and 2016.  (*Id.* at ¶¶ 20-32.)  Plaintiff then filed an Equal Employment Opportunity Commission ("EEOC") charge in 2017 based on the denied promotion but was ultimately promoted to CSI III in January 2018.  (*Id.* at ¶¶ 27-28.)  Despite achieving the title of CSI III, however, Plaintiff was only promoted to Grade 13, Step 7, which was seven steps lower in position than what she would have realized if promoted in 2008.  (*Id.* at ¶¶ 29-31.)  In turn, Plaintiff experienced "a significant salary decrease" as a result of the delayed promotion, so

---

[2] Plaintiff sued Defendants in 1997, 2004, 2012 and 2018.  (*Id.* at ¶ 3.)  Each action has been based on discrete acts of alleged discrimination and/or retaliation which do not form the basis of Plaintiff's claims here.  (*See id.* at n.1) ("Ms. Separ is not stating a claim for actions which were the subject of her prior lawsuits.")  For instance, the 1997 action concerned Defendant's failure to promote Plaintiff to a CSI III position related to a 1997 promotional list; the 2004 action concerned Defendant's transfer of Plaintiff to an allegedly unsafe building with high levels of asbestos and other carcinogens in 2003; the 2012 action again concerned the Defendants failure to promote Plaintiff to a CSI III concerning a 2008 promotional list; and the 2018 action concerned Plaintiff's loss in pay once she was finally promoted to CSI III in 2018.  (*Id.* at ¶¶ 18-32.)  Plaintiff prevailed at trial in the 1997 and 2019 actions; she settled her claims in the 2004 and 2018 actions.  (*Id.* at ¶¶ 3, 19, 21, 24.)

much so that Plaintiff was the lowest paid CSI III in Nassau County despite her seniority. (*Id.*) Defendants paid younger, non-disabled CSI IIIs—none of whom had commenced legal action against Defendants—higher salaries than Plaintiff. (*Id.* at ¶ 31)

In April 2018, Plaintiff received an overwhelmingly positive performance evaluation, and passed probation to obtain her permanent CSI III Title. (*Id.* at ¶ 33.) One month later, in May 2018, Plaintiff's cancer returned, requiring her to undergo surgeries in August and October 2018, both of which Defendants were aware of. (*Id.* at ¶ 34.) In the midst of these surgeries, Plaintiff's direct supervisor encouraged her to apply for the vacant Assistant Director ("AD") position. (*Id.* at ¶ 35.)

Defendants conducted interviews for the AD position in October of 2018. (*Id.* at ¶ 36.) Defendants denied Plaintiff an interview, though, and explained "that she needed to have been in her position as a CSI III for seven . . . years to qualify for" the AD position. (*Id.* at ¶ 37.) The Department of Social Services Commissioner John Imhof later informed Plaintiff that employees did not have to be CSI IIIs for seven years to apply to the AD position. (*Id.*)

On March 16, 2019, Plaintiff took the civil service test for the AD position. (*Id.* at ¶ 38.) On November 15, 2019, Plaintiff learned that she received the third-highest score on the exam and was therefore third on the promotion list for the AD position. (*Id.* at ¶ 39.) Plaintiff alleges that based on her experience, supervisor recommendation, and high-test score, Plaintiff was qualified for the AD Position. (*Id.*)

Plaintiff, however, was not even offered an interview for the AD position. (*Id.* at ¶ 40.) Rather, Defendants filled the position with Deborah Parker, a fifty-five-year-old, non-disabled candidate with no history of legal action against Defendants. (*Id.* at ¶¶ 40-41.) Plaintiff alleges that Ms. Parker "was and is significantly less qualified for the AD position" than Plaintiff. (*Id.* at

¶ 41.)  Specifically, Plaintiff "had more experience in the [Nassau County Department of Social Services], had a longer tenure, was more familiar with the Department's staff and employees and had better knowledge of the Department's policies and programs." (*Id.*)  Plaintiff was further qualified because she possesses "superior leadership skills and qualifications" to those of Ms. Parker.  (*Id.*)  Indeed, Plaintiff alleges Ms. Parker "lacked familiarity with the protocols, systems, and processes for the position," all of which Plaintiff possessed.  (*Id.*)

The decision to not hire Plaintiff was made, in part, by Department of Social Services Deputy Commissioner Paul F. Broderick and Human Resources manager Jeanne Dhande.  (*Id.* at ¶ 43.)  Mr. Broderick had previously testified at Plaintiff's 2011 trial against Defendants which concerned discrimination based on Plaintiff's diagnosis of breast cancer and thus was uniquely aware of Plaintiff's age, disability and prior lawsuits against Defendants.  (*Id.* at ¶¶ 44.)  Plaintiff alleges she was clearly denied the promotion to AD based on her age, disability, and in retaliation for her prior lawsuits.  (*Id.* at ¶ 45.)  Had she been promoted, Plaintiff would have received a substantial pay increase.  (*Id.*)

Following their decision to deny Plaintiff's promotion to the AD position, Defendants engaged in a number of additional "adverse acts" against Plaintiff.  (*Id.* at ¶¶ 46-52.)  Specifically, on May 24, 2019, Plaintiff and her unit—a group of employees all over the age of forty—were "reassigned and demoted to a previously disbanded unit" and were replaced with less experienced employees under the age of forty.  (*Id.*)  In April and May of 2020, all CSI III's worked overtime except for Plaintiff, despite her requests to do so.  (*Id.*)  And finally, in June 2020, Defendants "moved Plaintiff to a more hazardous location . . . for no reason.  (*Id.*)  Defendants denied Plaintiff's request to return to her former location, despite the request being for medical reasons.  (*Id.*)

On February 18, 2020, Plaintiff filed a notice of claim against Defendants and subsequently attended a 50-H hearing. (*Id.* at ¶¶ 10-11.) On May 8, 2020, Plaintiff timely filed a Charge of Discrimination with the EEOC and New York State Division of Human Rights.  (*Id.*)  On April 26, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. (*Id.*) [3]

## II.  **PROCEDURAL HISTORY**

Plaintiff commenced this action by filing a complaint on January 3, 2021.  (DE 1.) Plaintiff then filed an amended complaint as a matter of course on April 26, 2021.  (DE 14.)  On June 17, 2021, the undersigned granted Defendants' unopposed motion to stay discovery pending the outcome of Defendants' motion to dismiss.  (DE 20; *see Separ v. Cnty. of Nassau*, 21-CV-00010 (DRH) (JMW), 2021 WL 2474263 (E.D.N.Y. June 17, 2021).)  Defendants filed the First Motion to Dismiss pursuant to Rule 12(b)(6) on September 8, 2021.  (DE 26.)  The Honorable Denis R. Hurley, the district judge then presiding over the matter, referred the present motion to the undersigned for a Report and Recommendation on September 9, 2021.  (Electronic Order, dated Sept. 9, 2021.)

On January 28, 2022, the undersigned recommended that Plaintiff's federal failure to promote claims under the ADEA and ADA be dismissed because Plaintiff failed to meet the "but-for" standard for age discrimination nor did the facts give rise to an inference of unlawful

---

[3] Though purporting to include as exhibits a copy of Plaintiff's Charge of Discrimination and Notice of Right to Sue, and the Notice of Claim, it appears Plaintiff failed to actually attach those exhibits to the Second Amended Complaint, as she had done in prior versions.  Although the Second Amended Complaint supersedes the First Amended Complaint in its entirety, it is clear Plaintiff intended to attach these exhibits. To require her to re-file the Second Amended Complaint to include the original exhibits is an unnecessary procedural hoop only leading to a waste of resources and delay.  *See Pankey v. Annucci*, No. 9:20-CV-0577(GTS)(DJS), 2020 WL 6375481, at *1 (N.D.N.Y. Oct. 30, 2020).  Without objection from Defendants', the Court will look to the previously filed exhibits proceed as if the exhibits were attached here.

discrimination under the ADA.  (DE 27.)  The undersigned recommended that the motion be denied as to Plaintiff's NYSHRL failure to promote claim.  (*Id.*)

Defendants filed objections to the R&R (DE 28) and on March 22, 2022, Judge Hurley adopted the undersigned recommendation as to the ADEA and ADA failure to promote claim and ultimately dismissed the NYSHRL failure to promote claim "on the same but-for grounds as the federal failure to promote claims." (DE 33 at 9.) The Court granted Plaintiff leave to replead her ADEA, ADA, and NYHRL failure to promote claims.  (*Id.*)

On May 3, 2022, Plaintiff filed the SAC.  (DE 36.)  On July 8, 2022, the matter was reassigned to the Honorable Joanna Seybert.  The parties bundle filed the instant motion to dismiss on August 2, 2022.  (DE 39.)  The instant motion was referred to the undersigned by Judge Seybert on August 29, 2022.  (Electronic Order, dated Aug. 29, 2022.)

### III.   <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When resolving a motion to dismiss, the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff."  *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  That tenet, however, does not apply to legal conclusions.  *See Iqbal*, 556 U.S. at 678.

In a discrimination case, a plaintiff alleging discriminatory conduct "need only give plausible support to a minimal inference of discriminatory motivation" rather than "give plausible support to the ultimate question of whether the adverse employment action was

attributable to discrimination." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). This standard conforms to the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) framework, which, in short, protects plaintiffs in discrimination actions from early-stage dismissal by relaxing the requirements of a *prima facie* case while increasing the requirements as the case progresses to trial. *Littlejohn*, 795 F.3d at 307 (discussing the *McDonnell Douglas* framework). In other words, the Second Circuit in *Littlejohn* held that "[t]he facts alleged [in a discrimination lawsuit] must give plausible support to the reduced requirements that arise under *McDonnell Douglas* in the initial phase of [such a suit]," *i.e.*, plausible support to a minimal inference of discriminatory motivation. *Id.* at 311. The Court is therefore guided by *Littlejohn*, as well as subsequent cases interpreting *Littlejohn*, in assessing Plaintiff's SAC.

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show that (1) she was within the protected age group (at least 40 years old)[4], (2) she was qualified for the position (3) she experienced adverse employment action and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012). Similarly, a plaintiff alleging disability discrimination under the ADA "must demonstrate that she applied for an available position for which she was qualified but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Holcombe v. U.S. Airways Grp., Inc.*, 976 F. Supp. 2d 326, 346 (E.D.N.Y 2013) (internal quotation marks and citation omitted). "Under the ADEA, a plaintiff must allege that age was the 'but for' cause—not merely a motivating factor—of the adverse employment action." *Barone v. S & N Auerbach Mgmt., Inc.*, 645 F. App'x 13, 14 (2d

---

[4] *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) ("The discrimination prohibited by the ADEA is discrimination 'because of [an] individual's age' . . . though the prohibition is 'limited to individuals who are at least 40 years of age") (citing 29 U.S.C. §§ 623(a)(1); 631(a)).

Cir. 2016). The analysis for a claim of age discrimination under the ADEA and the NYHRL is

identical. *Szewczyk v. City of New York*, No. 15-CV-918 (MKB), 2016 WL 3920216, at \*9

(E.D.N.Y. July 14, 2016).

## IV.    DISCUSSION

In reviewing the First Amended Complaint, the Court held that Plaintiff's failure to

promote claim be dismissed because Plaintiff failed to plausibly allege that she was

discriminated against based on her age and/or disability when she was not chosen for the AD

position. (DE 27 at 9-11.) The Court reasoned that Plaintiff's allegations that she was more

qualified than Ms. Parker were "belied by the results of the civil service exam in which Ms.

Parker yielded the top score after receiving a one hundred percent and in which Plaintiff tied for

the third-best score after receiving an eighty-five percent." (DE 27 at 10.)[5] The Court found that

"the civil service exam results 'provide a more plausible explanation for [Defendants'] decision

not to promote [Plaintiff] than animus based upon' age or disability." (DE 27 at 10) (quoting

*Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 F. App'x 11, 14 (2d Cir. 2013). Further, the Court found

that absent any information about Ms. Parker's qualifications, it could not assess whether Ms.

Parker's background was comparable to Plaintiff's. (*Id.* at 11.) Accordingly, the Court

concluded that Plaintiff failed to raise a minimal inference of unlawful discrimination. (*Id.*)

---

[5] In support of its First Motion to Dismiss, Defendants submitted the Affidavit of Howard M. Miller, appending as Exhibit A the Suffolk County Civil Service Commission's eligibility list for the AD position. (DE 26-1; DE 26-2). The eligibility list displays the scores of those who sat for the civil service exam, including both Plaintiff and Ms. Parker. (DE 26-2.) In issuing its R&R, the Court found that although the First Amended Complaint did not feature the eligibility list, it was incorporated by reference based on Plaintiff's heavy reliance on the results of the civil service exam and her place on the promotional list for the AD position. (*See, e.g.*, DE 14 at 9 ("[Plaintiff] was informed that she had the third highest score on the exam, and was third on the *promotional list* for the AD position.") (emphasis added); *see also Cohen v. Cap. One Funding, LLC*, 489 F. Supp. 3d 33, 46 (E.D.N.Y. 2020) (incorporating documents into complaint that "form[ed] the backbone of [p]laintiff's allegations").) Therefore, the Court considered the eligibility list in its analysis.

Here, a side-by-side comparison of the First Amended Complaint with the SAC reveals that Plaintiff revised her pleading as follows:

- The addition of the word "even" in Paragraph 40

- The addition of the last sentence of Paragraph 41: "Ms. Parker lacked familiarity with the protocols, systems, and processes for the position, all of which Ms. Separ possessed."

- The addition of Paragraph 42: "The County's usual practice, in compliance with the New York Civil Service Law, was to consider all eligible candidates under the 'Rule of Three' system and decide amongst the eligible candidates based on a variety of factors, including experience, rather than simply selecting the candidate with the highest score on the exam, as the County claims to have done in this case."

(*Compare* DE 14, *with* DE 36; DE 39-1 at 4-5).

According to Defendants, the new allegations above do not make Plaintiff's failure to promote claim any more plausible than what was already dismissed in the First Amended Complaint. (*See* DE 39-1; DE 39-5.) Defendants argue that the allegations that Plaintiff is more familiar with "the protocols, systems, and processes" than Ms. Parker is insufficient to state a claim for failure to promote. (DE 39-1 at 6-7.) Defendants argue that simply because "someone 'younger' (55 years old) and nondisabled received the promotion" does not substantiate Plaintiff's claim and in fact, every employee is a member of protected classes such that an employer does not need to replace or promote employees with clones in order to prevail on a motion to dismiss. (*Id.* at 8-9) (citing *Zucker v. Five Towns College*, 2010 WL 3310698, at * 2 (E.D.N.Y Aug. 18, 2010). Defendants contend that Defendants reasonably relied upon the scores of the Civil Service examination and that anti-discrimination statutes should not be used to second-guess the reasonableness of Defendant's hiring criteria. (*Id.* at 11.)

In opposition, Plaintiff argues she has met her burden because Plaintiff has alleged she is a member of a protected class, she applied and was qualified for the promotion, she was rejected

for the promotion and the position remained open for which the employer sought applicants with less qualifications than Plaintiff.  (DE 39-2 at 7-9.)  Plaintiff contends that she was not required to plead any facts regarding the qualifications of Ms. Parker, but nonetheless, Plaintiff is and was more qualified as evident by the revised allegation that "Ms. Parker lacked familiarity with the protocol, systems and processes for the position, all of which [Plaintiff] possessed." (*Id.* at 9, 12.)  Moreover, Plaintiff argues that despite scoring in the top three on the exam, the fact that Plaintiff was not afforded an interview demonstrates Defendants' clear deviation from its standard hiring process which sufficiently raises an inference of discriminatory intent to survive a motion to dismiss.  (*Id.* at 9-14.)

This Court has already determined that Plaintiff's allegation that Ms. Parker was less qualified than Plaintiff because Plaintiff had more experience, a longer tenure, was more familiar with staff and employees, had better knowledge of the policies and programs, and had superior leadership skills, to be insufficient to plausibly allege that she was discriminated against in light of the results of the civil service exam which show Ms. Parker yielded the top score of one hundred percent.  (DE 27 at 10.)[6]  And so, the Court's role here is to determine whether Plaintiff's added allegations at paragraphs 40, 41, and 42 of the SAC warrant a change in the Court's ruling.

---

[6] The Court has also already determined that although Plaintiff's pleading does not attach the eligibility list for the AD position, it is incorporated into Plaintiff's pleading by reference based on Plaintiff's heavy reliance on the results of the civil service exam and her place on the promotional list for the AD position. (*Id.* at 6) (citing Plaintiff's allegation that she was "informed that she had the third highest score on the exam, and was third on the promotional list for the AD position"); *see also Mendez v. NYC Dep't of Educ.*, No. 18-CV-05894(KAM)(LB), 2020 WL 1042641, at *1 (E.D.N.Y. Mar. 4, 2020) ("The court may also consider documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit").

The Court first addresses the added allegations contained in paragraph 41 of the SAC—"*Ms. Parker lacked familiarity with the protocols, systems, and processes for the position, all of which Ms. Separ possessed.*"  (DE 36 at ¶ 41.)

The Court previously pointed out in its R&R that absent from the First Amended Complaint was information about Ms. Parker "for the Court to assess whether her professional background is comparable to Plaintiff's—including allegations of the length of *Ms. Parker's* tenure, *Ms. Parker's* familiarity with department policy, processes, and personnel, and so forth." (*Id.* at 11) (citing *Warbuton v. John Jay Coll. of Crim. Just. of the City Univ. of N.Y.*, 14-CV-9170 (JPO), 2016 WL 3748485, at *4 (S.D.N.Y. July 7, 2016); *Kouassi v. New York Department of Homeless Services*, 14-CV-7445 (RRM) (LB), 2017 WL 4342093, at *1 (E.D.N.Y. Sept. 25, 2017)).  Plaintiff now attempts to include this missing information by pleading the negative—that "Ms. Parker *lacked* familiarity with the protocols, systems, and processes for the position, all of which [Plaintiff] possessed."  (DE 36 at ¶ 41) (emphasis added).

Defendants argue, and the Court agrees, that this allegation is "simply another way of saying" that Ms. Parker "was and is significantly less qualified for the AD position than Ms. Separ"—an allegation already made and dismissed by this Court.  (*See* DE 39-5; DE 36 at ¶ 41.) In other words, there is no meaningful difference between an allegation that states Plaintiff had *more* experience with an allegation that states Ms. Parker had *less* experience.  The added allegations do nothing to "nudge[ ] ... [the] claim[ ] ... across the line from conceivable to plausible."  *See Marcus v. Leviton Mfg. Co.*, No. 15-CV-656S(JF) (GRB), 2016 WL 74415, at *3 (E.D.N.Y. Jan. 6, 2016), *aff'd*, 661 F. App'x 29 (2d Cir. 2016) (citing *Iqbal*, 129 S. Ct. at 1949); *see also Zucker v. Five Towns Coll.*, No. 09-CV-4884 JS AKT, 2010 WL 3310698, at *3

(E.D.N.Y. Aug. 18, 2010) (finding that "although it is a close call," plaintiffs added allegations did not "amplify the Complaint enough to render his age discrimination claims plausible").

Next, the Court turns to the added allegations contained in paragraphs 40 and 42 of the SAC—"*Ms. Separ was not even offered an interview for the AD Position*"[7] and "*The County's usual practice, in compliance with the New York Civil Service Law, was to consider all eligible candidates under the 'Rule of Three' system and decide amongst the eligible candidates based on a variety of factors, including experience, rather than simply selecting the candidate with the highest score on the exam, as the County claims to have done in this case*." (DE 36 at ¶¶ 40, 42.)

Plaintiff contends that under the New York Civil Service Law, Defendants were required to consider the top three scores on the Civil Service Exam and despite having one of the top three scores, Plaintiff was not afforded an interview.  (DE 39-2 at 4, 9, 13.)  According to Plaintiff, because Defendants clearly deviated from their standard practices under the New York Civil Service Law, there is an inference of discriminatory intent with respect to Defendants' failure to promote Plaintiff.  (*Id.* at 9, 13.)

To support this proposition, Plaintiff relies on *Stern v. Trustees of Columbia University in City of New York*, 131 F.3d 305, 313 (2d Cir. 1997).  (*Id.* at 13.)  In *Stern*, the Plaintiff brought a discrimination claim based on his national origin after he was denied a permanent director position at New York University ("NYU") despite having served as interim director.  *Stern*, 131 F.3d at 306.  NYU admittedly departed from its normal process when searching for and interviewing candidates.  *Id.* at 312-13.  The Second Circuit found the district court's dismissal of the complaint on summary judgment improper and that sufficient triable issues of fact existed, based on, *inter alia*, the procedural irregularities throughout the candidate search.  *Id.* While the

---

[7] Recall, the only change to this allegation as it existed in the First Amended Complaint is the addition word "even."

dissent believed "the majority ... improperly substituted its own standards for the standards of the employer, which is incorrect as a matter of law," *id*. at 315 (Calabresi, J. dissenting), the Second Circuit held that "[w]hile we do not second-guess an employer's hiring standards. . . '[d]epartures from procedural regularity,' for example, 'can raise a question as to the good faith of the process where the departure may reasonably affect the decision'" (*quoting Zahorik v. Cornell Univ.*, 729 F.2d 85, 93 (2d Cir. 1984)).

But, Plaintiff misses a critically important caveat carved out by later cases. The Second Circuit clarified that in *Stern* "[t]he bypass of procedural regularities. . . strengthened other evidence that was already pointing in the direction of discrimination." *Hawkins v. Astor Home for Child.*, No. 96 CIV. 8778 (SS), 1998 WL 142134, at *7 (S.D.N.Y. Mar. 25, 1998). And so, the Second Circuit held that where there is no evidence of age discrimination, procedural irregularities on their own do not suffice. *Id.* ("Here, however, [plaintiff] has no evidence pointing towards age discrimination, and the procedural irregularities do not do so by themselves"). The decisions of this District have found no reason to deviate from this rule. *See Mar. v. First Choice Med. PLLC*, No. 17-CV-4272 (RRM) (SIL), 2021 WL 3006043, at *13 (E.D.N.Y. July 15, 2021) ("In certain circumstances, procedural irregularities may form a basis to infer discriminatory animus or pretext. However, the mere fact of a deviation from established procedure is not sufficient to show animus or pretext where the record is devoid of evidence that the procedural departure was related to the plaintiff's membership in a protected class") (internal citations omitted).[8]

---

[8] The overwhelming authority applies this rule of law on summary judgment. However, on rare occasion, a court will consider procedural irregularities and other evidence of discrimination at the pleading stage on a Rule 12(b)(6) motion to dismiss. *See e.g. Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-CV-10256-GHW, 2021 WL 4434935, at *27 (S.D.N.Y. Sept. 23, 2021) (finding other allegations of discrimination and procedural irregularities together constitute an adequately pleaded discrimination claim).

As stated above, Plaintiff has not otherwise alleged facts pointing towards discrimination and so any procedural variation from the New York Civil Service Law and the "Rule of Three" is insufficient, on its own, to substantiate a claim. *See e.g.*, *Riccobono v. Crew*, No. 00-CV-5386(SLT) (MDG), 2010 WL 11602749, at *10 (E.D.N.Y. Sept. 10, 2010) ("The bypass of procedural regularities, in other words, strengthened other evidence that was already pointing in the direction of discrimination. Here, however, Plaintiff has no evidence pointing towards race discrimination, and the procedural irregularities do not do so by themselves").

Accordingly, Plaintiff has failed to plausibly allege that she was discriminated against based on her age and/or disability. Therefore, undersigned respectfully recommends that Defendants' motion to dismiss regarding Plaintiff's failure to promote claims be granted. Further, because Plaintiff was already afforded the opportunity to cure the deficiencies in the First Amended Complaint and failed to do so, and because there does not seem to be any further facts or legal theories Plaintiff could assert if given leave to amend, it is respectfully recommended that the Court refrain from granting any further leave to replead beyond the three pleadings to date. *See City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014) (holding the district court did not err in denying leave to replead where plaintiffs already had one opportunity to amend their complaint and had "identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend"); *Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) ("Because [Plaintiff] was already afforded an opportunity to cure the deficiencies of his initial complaint and failed to do so in the amended complaint, the Court deems it appropriate not to grant any further leave to replead").

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the undersigned respectfully recommends that Defendants'
motion to dismiss be granted as to Plaintiff's ADEA, ADA, and NYHRL failure to promote
claims without leave to replead.

## VI.    <u>OBJECTIONS</u>

A copy of this Report and Recommendation is being electronically served on counsel.
Any written objections to this Report and Recommendation must be filed with the Clerk of the
Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V
2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections
must be directed to the district judge assigned to this action prior to the expiration of the fourteen
(14) day period for filing objections. Failure to file objections within fourteen (14) days will
preclude further review of this Report and Recommendation either by the District Court or the
Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with
the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604
(2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any
further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan &
Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
          January 13, 2023

                              **RESPECTFULLY RECOMMENDED:**

                              /s/ *James M. Wicks*
                              JAMES M. WICKS
                              United States Magistrate Judge