**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

  ANNE SEPAR,

                        *Plaintiff*,

               -against-

  COUNTY OF NASSAU *et al.*,

                       *Defendants*.
----------------------------------------------------------------x

                              **MEMORANDUM**
                                **AND ORDER**
                          2:21-CV-00010 (OEM) (JMW)

**A P P E A R A N C E S:**

    Paul Andrew Bartels, Esq.
    Adam Grogan
    Lauren Ruth Reznick
    Mary Bianco, Esq.
    **Bell Law Group, PLLC**
    100 Quentin Roosevelt Boulevard, Suite 208
    Garden City, NY 11530
    *Attorneys for Plaintiff*

    Howard Marc Miller
    Jacqueline Giordano, Esq.
    **Bond Schoeneck & King, PLLC**
    1010 Franklin Avenue, Suite 200
    Garden City, NY 11530
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

      The parties achieved a settlement in principle in this employment discrimination case during a settlement conference held before the undersigned on June 13, 2024. The settlement was for a sum certain, an exchange of releases and a non-disclosure/confidentiality agreement. They left the settlement table with a shake of hands and the task of preparing formal documents for execution, coupled with the Court's direction to file the stipulation of dismissal. The documents were prepared, but apparently the execution of the settlement documents became

nothing short of a Sisyphean task, to the point where Plaintiff executed the main Settlement Agreement and signed all of the documents with the lone exception of Exhibit "D": a confidentiality and non-disparagement acknowledgment form that the Settlement Agreement itself mandated her to sign.  Since the settlement involves a non-disclosure provision in the context of the resolution of discrimination claims, both N.Y. General Obligations Law 5-336 and N.Y. C.P.L.R. 5003-B apply, providing a 21-day preference period, along with a 7-day period to revoke the agreement.

Plaintiff steadfastly refuses to execute Exhibit D to the Settlement Agreement.  Defendant in turn filed the instant motion to enforce the Settlement Agreement (ECF No. 61-1, 2, 8, 9 and 10), which is opposed by Plaintiff (ECF No. 61-3, 4, 5, 6 and 7).  The question raised on this motion is whether the refusal by Plaintiff to execute Exhibit D is a bar to enforcement of the settlement or instead a breach of the Settlement Agreement.

For the following reasons, Defendants' motion to enforce the settlement agreement (ECF No. 61), is denied.

## BACKGROUND

Plaintiff Anne Separ ("Plaintiff") filed this action alleging that the County of Nassau and Nassau County Department of Social Services (collectively "Defendants") unlawfully discriminated and retaliated against her on the basis of her age and breast cancer diagnosis. (*See generally* ECF No. 1.)  After years of litigation, the parties appeared before the undersigned for a Settlement Conference on June 13, 2024 at which time the parties reached a resolution in principle, subject to formalization of the settlement in a written agreement. (*See* Electronic Order dated June 13, 2024; *see also* ECF No. 61-1; Bartels Affirm. at ¶¶ 3-4; Giordano Affirm. ¶¶ 3-5.)

Following the Settlement Conference, on July 1, 2024, Defendants emailed a draft of the Settlement Agreement to Plaintiff detailing the agreed upon settlement terms. (ECF No. 61-1, Giordano Aff. at ¶¶ 5-6; Bartels Affirm. at ¶¶ 6-7.) On July 8, 2024, Plaintiff executed the Settlement Agreement before a Notary Public (Giordano Affirm. at ¶¶ 12-13; Bartels Affirm. at ¶¶ 13), but refused to sign Exhibit D, which is a "Confidentiality and Non-Disparagement Acknowledgment" (ECF No. 63-1, at p. 16; *see also* Giordano Affirm. at ¶ 14 ("Plaintiff did not sign" Exhibit "D"); Bartels Affirm. at ¶ 16 ("Plaintiff was not comfortable signing")).

It is this adamantine refusal to sign Exhibit D that prompted Defendants to file the motion to enforce the Settlement Agreement. At the same time, Defendants moved to file the Settlement Agreement under seal (*see* ECF No. 60 at p. 1), which was denied on November 8, 2024. (*See* ECF No. 62.) *See Separ v. County of Nassau*, 2024 WL 4728592 (E.D.N.Y. Nov. 8, 2024). Since that ruling, the parties filed the Settlement Agreement at ECF No. 63-1.[1]

Upon review of the motion, the undersigned posted the following Order on December 5, 2024:

> ORDER: Upon review of the letter filed at ECF No. 63 in connection with the motion filed at ECF No. 61, the Court notes that the Settlement Agreement contains a "review and revocation" clause providing, in part, that "Ms. Separ shall have a nonwaivable twenty-one (21) calendar days from receipt of the Agreement in which to consider the terms of the Agreement, including the confidentiality and non-disparagement provision and whether to execute the Agreement." (ECF No. 63-1, at p.7.) The clause further dictates that "Ms. Separ shall not sign this Agreement prior to the expiration of the twenty-one (21) calendar day consideration period." *Id.* Accordingly, the parties are directed to file on ECF letter briefs on or before **December 18, 2024** addressing: (1) the impact, if any, of the 21-day "review and revocation" clause in the settlement agreement on Plaintiffs refusal to execute Exhibit "D"; (2) the effect of Plaintiff signing the Agreement before the expiration of the twenty-one (21) day period; and (3)

---

[1] The fact that the Settlement Agreement is now filed publicly does not undermine the confidentiality and nondisclosure provision since that provision in section 5 of the Settlement Agreement is far broader in scope and application than the mere filing of the Agreement on the public docket.

3

whether the "review and revocation" clause created a right for Plaintiff to revoke the settlement to which she previously agreed to in principle.

The parties thereafter filed letter briefs on the issues outlined above. (*See* ECF Nos. 65 (Plaintiff's), and 66 (Defendants')). Oral argument on the motion was held on January 6, 2025.

## DISCUSSION

### *The Legal Framework*

Once a settlement is reached on all material terms, it is considered an enforceable contract. *See Palmer v. County of Nassau*, 977 F. Supp. 2d 161, 166 (E.D.N.Y. 2013) (citing *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989) (rev'd on other grounds by *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994)). "A settlement agreement is a contract that is interpreted according to general principles of contract law." *Patel v. Long Island Univ.*, 2024 WL 4763927, at *1 (2d Cir. 2024); *see also Murphy v. Institute if Int'l Educ.*, 32 F.4th 146, 150 (2d Cir. 2022) (same). That is, a settlement agreement "constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing." *Macdonald v. Dragone Classic Motor Cars*, 95 Civ. 499, 2003 WL 22056626, at *6 (D. Conn. Apr. 29, 2003). In construing the agreement reduced to writing and signed by the parties, "the plain language of the agreement is the best evidence of the parties' intent." *Wang v. Int'l Bus. Machs. Corp.*, No. 11-cv-02992, 2014 WL 6645251, *3 (S.D.N.Y. Oct. 7, 2014) (citation omitted); *see also Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997).

If the settlement resolves claims of discrimination and includes a non-disclosure or confidentiality provision, then both N.Y. Gen. Oblig. Law ("GOL") § 5-336 and N.Y. C.P.L.R. ("CPLR") 5003-B apply. GOL 5-336, as amended in 2023, prohibits employers from including

4

non-disclosure language within the release unless the "condition of confidentiality is the [employee's] preference," providing the employee with a 21-day period to consider the agreement and 7 days to revoke. N.Y. Gen. Oblig. Law § 5-336.  The 2023 amendments also permit the plaintiff to waive the previously unwaivable 21-day consideration period.  *Id.*  These provisions were enacted to afford greater protection for workers subjected to discrimination whose employers seek to conceal acts of work-place misconduct.  *See* Gregory Mitchell, *Balancing Private and Public Interests in the Disclosure of Sexual Harassment Information*, 37 Geo. J. Legal Ethics 1, 11 (2024) (highlighting that New York, among other states, passed CPLR 5003-b to provide protections to employees to prevent abuse of NDA's to cover up employment related misconduct); *see also* Robert N. Holtzman, Eliza A. Kaiser, Kevin B. Leblang and Jordan Fisher, *New York State Requires Employers To Modify Provisions In Separation and Settlement Agreements*, Labor & Empl. L. 8933218 (noting the key effects to the recent amendment to General Obligations Law 5-336, like "broaden[ing] the scope of its reach and weaken[ing] the enforceability of confidentiality and nondisclosure provisions in release agreements").

In addition, CPLR 5003-B, which also applies to discrimination claims, prohibits a condition of confidentiality in the settlement of discrimination claims unless, like GOL 5-336, "the condition of confidentiality is plaintiff's preference."  That section continues:

> Any such term or condition must be provided to all parties, and the plaintiff shall have twenty-one days to consider such term or condition. If after twenty-one days such term or condition is the plaintiff's preference, such preference shall be memorialized in an agreement signed by all parties. For a period of at least seven days following the execution of such agreement, the plaintiff may revoke the agreement, and the agreement shall not become effective or be enforceable until such revocation period has expired.

CPLR 5003-B.

5

***The Relevant Provisions of the Settlement Agreement***

Relevant to the instant motion are three key provisions of the Settlement Agreement, namely, sections 5, 9 and 15:

*Section 5* of the Settlement Agreement contains the entirety of the "confidentiality and non-disparagement" clause. (ECF No. 63-1, at 5.) *Section 9* contains the "review and revocation" clause, providing the required "preference" and revocation periods under both the GOL and CPLR.  *Id.* at 7-8.  As to the revocation period, the Agreement provides,

> Ms. Separ further understands that she may revoke this Agreement at any time up to seven (7) calendar days after signing this Agreement by delivering written notice of her revocation by email and mail to Jacqueline Giordano, Esq., Bond, Schoeneck & King, PLLC, 1010 Franklin Avenue, Suite 200, Garden City, NY 11530, JGiordano@bsk.com, so that it is received by Ms. Giordano no later than 11:59 p.m. Eastern Standard Time on the seventh (7th) calendar day. If Ms. Separ exercises her right to revoke during the seven (7) day period, this Agreement shall be null and void and of no force and effect, and Ms. Separ shall receive none of the benefits set forth in this Agreement.

*Id*.

Finally, *section 15* provides the "effective date" of the agreement as follows:

15. Effective Date –

> (a) *This Agreement shall not take effect until this Agreement has been executed by the Parties, including Ms. Separ's execution of the Confidentiality and NonDisparagement Acknowledgement (Exhibit "D"), and the revocation period described in Paragraph 9 has expired.*
>
> (b) The County shall deliver the Settlement Payment as soon as possible to Paul Bartels, Esq., of the Bell Law Group, PLLC, 116 Jackson Avenue, Syosset, New York 11791, but no later than sixty (60) calendar days after the expiration of the revocation period described in Paragraph 9, or the complete execution of this Agreement, whichever is later (referred to herein as the Effective Date"). Bell Law Group shall be responsible for the distribution of the check referred to in Paragraph 2(a) of this Agreement lo Ms. Separ.

*Id.* at 9 (emphasis added).

Defendants argue that since Exhibit D is separate and apart from the Settlement Agreement, failure to sign Exhibit D "has no bearing on whether the Agreement itself is binding and enforceable on the parties." Defendants' Mem. Of Law in Support at 8 (ECF No. 61-2). The sole case relied upon in support of this argument is *Shah v. Wilco Sys., Inc.*, 81 A.D. 3d 454 (1st Dep't 2011), claiming Plaintiff's failure to sign the Acknowledgement (Exhibit D) here has no bearing on whether the entirety of the Agreement is binding and enforceable. In *Shah*, plaintiff agreed to enter into a settlement agreement in addition to executing a separate confidentiality agreement. *See* 81 A.D. 3d at 455. In affirming the lower court's decision to enforce the settlement agreement, the Appellate Division noted that merely because the parties were required to sign the confidentiality agreement does not render the settlement agreement, which was in writing, executed, and manifested the parties' intent, invalid. *Id.*

Here, unlike *Shah*, the Acknowledgement (Exhibit D) is a material component of the broader Settlement Agreement. Within this Settlement Agreement, Plaintiff was required to sign Exhibit D to give the entire settlement agreement effect. (*See* Settlement Agreement, Section 15(a)). The execution of Exhibit D, therefore, acts as a condition precedent to effectuate the settlement. The Settlement Agreement at section 15 is unequivocal that all provisions were required to be signed, including Exhibit D, and if not, then "the Agreement shall not take effect". *Id.* Conversely, in *Shah*, the failure to sign the confidentiality agreement had no bearing on the standalone settlement agreement since the two were considered independent and separate agreements, thus signing or not signing one had no impact on the enforceability of the other.

Defendants acknowledge there are no cases "directly on the issue as to what happens if a plaintiff executes a settlement agreement containing a non-disparagement or confidentiality clause before the non-waivable 21-day consideration period expires." (ECF No. 66, at p. 2).

7

They rely on *Bachiller v. Turn on Products, Inc.*, No. 00 Civ. 8701 (JSM), 2003 WL 1878416 (S.D.N.Y. Apr. 14, 2003), a case arising under the Age Discrimination in Employment Act ("ADEA") and Older Workers' Benefit Protection Act ("OWBPA"), which provides a similar waivable 21-day consideration period and non-waivable 7-day revocation period.  involving

In *Bachiller*, plaintiff signed the release and notice provisions, yet argued later she was not given 21 days to consider and then revoke the agreement.  The court noted that even if Plaintiff signed the agreement, there was no reason why she failed to timely revoke it. Here, Plaintiff did not sign Exhibit D, which was integral to and part of the Settlement Agreement, the failure to sign of which means the Settlement Agreement never became effective. *See* Settlement Agreement Section. 15 (ECF No. 63-1).  Thus, contrary to *Bachiller*, Plaintiff here simply exercised her right within the 21-day period not to move forward with the settlement. She need not revoke, since the Settlement Agreement itself never became effective by her refusal to execute Exhibit D.  *Au fond*, the refusal of Plaintiff to sign the Exhibit D under the circumstances is a clear expression that Plaintiff exercised her rights under both the GOL and CPLR to elect not to go forward with a settlement.  The Settlement Agreement never became "effective" under section 15, and therefore there was nothing to revoke under section 9.

## **CONCLUSION**

Based upon the foregoing, Defendants' motion to enforce the settlement agreement (ECF No. 61) is denied. Counsel are directed to file a joint status report on or before January 13, 2025 identifying outstanding discovery, along with a proposed schedule to complete all pre-trial proceedings so the case may proceed to trial.

Dated: Central Islip, New York
January 8, 2025

**S O  O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge